UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BABUBHAI PATEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00174-JMS-DLP ) |
| T. J. WATSON, | ) ) ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Babubhai Patel filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated at the United States Penitentiary in Terre Haute, Indiana.[1] Dkt. 1. He presents several challenges to the conviction he received after a jury trial in the Eastern District of Michigan. For the reasons that follow, Mr. Patel's petition must be denied.

**I. Factual and Procedural Background**

Mr. Patel participated in conspiracies to commit health care fraud and to distribute prescription drugs in Detroit, Michigan. *United States v. Patel*, 579 F. App'x 449, 451 (6th Cir. 2014). The conspirators, led by Mr. Patel, "defraud[ed] Medicare, Medicaid, and Blue Cross/Blue Shield of Michigan of approximately $18.9 million" and "distributed millions of dosage units of controlled substances." *Id.*

Mr. Patel was charged as part of a multi-count indictment in August 2011. *United States v. Patel*, 2:11-cr-20468 (E.D. Mich.) ("Crim. Dkt"), dkt. 3. In August 2012, a jury found Mr. Patel guilty of one count of conspiracy to commit health care fraud, ten counts of health care fraud, one

---

[1] Mr. Patel was released to home confinement in April 2020. *See* dkt. 9-1.

1

count of conspiracy to distribute controlled substances, and 14 counts of distribution of controlled substances.[2] Crim. Dkt. 565. He was sentenced to an aggregate term of 204 months' imprisonment and three years' supervised release. Crim. Dkt. 720.

Mr. Patel appealed and challenged the denial of his motion to suppress evidence obtained as the result of a wiretap. *Patel*, 579 F. App'x at 451. He also contested the procedural reasonableness of his sentence. *Id.* The Sixth Circuit affirmed his conviction and sentence. *Id.*

In September 2015, Mr. Patel filed a motion for relief pursuant to 28 U.S.C. § 2255. Crim. Dkt. 1475. He raised ten claims of ineffective assistance of counsel, and the court denied relief on all of them. Crim. Dkt. 1619. The Sixth Circuit denied Mr. Patel's request for a certificate of appealability. *Patel v. United States*, 2018 WL 3726821 (6th Cir. 2018). Mr. Patel filed a motion for relief from judgment in April 2018, which the court construed as a successive § 2255 motion and transferred to the Sixth Circuit. Crim. Dkts. 1652, 1655. The Sixth Circuit denied Mr. Patel's request to file a successive § 2255 motion. *In re Babubhai Patel*, No. 18-1573 (6th Cir.).

Mr. Patel filed a second motion for relief from judgment in March 2019. Crim. Dkt. 1678. The court construed this motion as another successive § 2255 motion and transferred it to the Sixth Circuit. Crim. Dkt. 1685. Again, the Sixth Circuit denied Mr. Patel's request for authorization to file a successive § 2255 motion. *In re Babubhai Patel*, No. 19-483 (6th Cir.).

Undeterred, Mr. Patel filed this § 2241 petition, with retained counsel, in March 2020. Dkt. 1.

---

[2] The jury acquitted Mr. Patel of three counts of health care fraud and five counts of distribution of controlled substances. Crim. Dkt. 565.

## II. Discussion

Mr. Patel identifies twelve grounds for relief in his § 2241 petition. Dkt. 1. Nine of those claims allege that he received ineffective assistance from trial and/or appellate counsel. The other three challenge the sufficiency of the evidence presented to either the grand jury or the petit jury. The respondent contends that Mr. Patel may not pursue his claims under § 2241. Dkt. 16. For the reasons explained below, the Court agrees that none of Mr. Patel's claims may proceed under § 2241.

### A. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

### B. Ineffective Assistance of Counsel Claims

Mr. Patel may not pursue his nine claims of ineffective assistance of counsel in a § 2241 petition because "the mechanisms of [§] 2255 gave him an opportunity to complain about the ineffectiveness of trial counsel, and he took advantage of that opportunity." *Purkey v. United States*, 964 F.3d 603, 616-17 (7th Cir. 2020). There is "nothing structurally inadequate or ineffective about [§] 2255 as a vehicle to make those arguments," and thus § 2255(e) does not apply to allow a petitioner to present such arguments in a § 2241 petition. *Id.* at 617; *see also Lee v. Watson*, 964 F.3d 663, 667 (7th Cir. 2020) (barring death row petitioner from bringing ineffective assistance of counsel claim in a § 2241 petition).

Mr. Patel contends that the Court should excuse his failure to raise these ineffective assistance of counsel claims in his § 2255 motion because he proceeded *pro se* in the § 2255 proceeding. *See, e.g.*, dkt. 1 at 10-11. He relies on two Supreme Court cases, *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), to support his argument.

The Seventh Circuit recently considered and rejected Mr. Patel's argument. It concluded that "further relief for someone in [Mr. Patel's] position is . . . governed by statutes," and § 2255(e) does not allow additional claims of ineffective assistance of counsel to be brought in an action under § 2241 on the basis that the petitioner received ineffective assistance of counsel during

federal habeas proceedings. *Purkey*, 964 F.3d at 617-18. Mr. Patel's ineffective assistance of counsel claims must be dismissed because Mr. Patel cannot assert such claims in a § 2241 petition.

### C. Sufficiency of the Evidence Claims

Mr. Patel's other three claims challenge the evidence presented to the grand jury and the petit jury.[3] *See* dkt. 1 at 5-9, 22-26. He contends that he can proceed on two of these claims because they involve "newly discovered evidence" and that the third is viable in a § 2241 proceeding under *Martinez* and *Trevino*. Because Mr. Patel cannot establish that these claims fall within § 2255(e), he may not pursue them in a § 2241 petition.

The Court first looks at Mr. Patel's claims based on "newly discovered evidence." The "newly discovered evidence" is grand jury transcripts that Mr. Patel allegedly requested and did not receive during his criminal proceedings. Dkt. 1 at 5-9, 24-26. He contends that this evidence shows that he is actually innocent of his convictions for health care fraud and conspiracy to commit health care fraud because the grand jury did not receive evidence of material elements of those offenses. *Id.* Mr. Patel cannot present these claims in a § 2241 petition because § 2255 is not structurally inadequate or ineffective to bring such claims.

A petitioner may seek relief via § 2241 only when there is a "structural problem in § 2255." *Mandacina v. Entzel*, 991 F.3d 758, 761 (7th Cir. 2021). There is no structural problem in § 2255 that would allow Mr. Patel to bring his current claims of actual innocence based on newly discovered evidence in a § 2241 petition, however, because § 2255 allows a second or successive motion in such circumstances. Specifically, § 2255(h)(1) permits a second or successive § 2255 motion "when it contains 'newly discovered evidence that, if proven and viewed in light of the

---

[3] Mr. Patel's claim of actual innocence os actually a claim that there was insufficient evidence to support his convictions. *See* dkt. 1 at 5-9, 22-26.

5

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.'" *Id.* at 762 (quoting 28 U.S.C. § 2255(h)(1)). Because § 2255(h)(1) provides an avenue for Mr. Patel to seek relief, there is no structural flaw in § 2255 that would permit him to proceed under § 2241.[4] *See id.* (holding that petitioner could not use § 2241 to present *Brady* claim because petitioner's argument fell within § 2255(h)(1) and his inability to meet the threshold of § 2255(h)(1) showed only "that he [could not] obtain relief, not that there's a structural flaw" in § 2255).

Section 2255(h) allows a petitioner to present claims based on newly discovered evidence. Accordingly, § 2255 is not structurally inadequate or ineffective to bring such claims and the savings clause does not apply to allow Mr. Patel to pursue them in a § 2241 petition.

In the third sufficiency of the evidence claim, Mr. Patel asserts that he is actually innocent of both of his conspiracy convictions and that *Martinez* and *Trevino* allow him to present this claim in a § 2241 petition because he proceeded pro se when he filed his § 2255 motion. Dkt. 1 at 22-24. As explained above, however, the Seventh Circuit recently refused to extend *Martinez* and *Trevino* to claims brought under § 2255(e) and § 2241. *Purkey*, 964 F.3d at 617-18; *see also Lee v. Watson*, 964 F.3d 663, 667 (7th Cir. 2020) ("We have extended the *Martinez/Trevino* doctrine to federal prisoners. But in *Purkey*, we flatly rejected its application in the Savings Clause context, explaining that the case was governed by statute, not federal common law."(citation omitted)).

---

[4] Mr. Patel's attempt to liken his claims to those presented in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), are unpersuasive. In *Webster*, the Seventh Circuit held that § 2255(e) would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." 784 F.3d at 1125. Mr. Patel raises no contention that he was categorically ineligible for prosecution, and the Court is mindful that "the *Webster* court took great care to assure that its holding was narrow in scope." *Poe v. LaRiva*, 834 F.3d 770, 774 (7th Cir. 2016). For these reasons, the Court declines to extend *Webster* and conclude that § 2255(e) would allow Mr. Patel to present his claims in a § 2241 petition.

Mr. Patel cannot rely on his pro se status during his § 2255 proceedings to either excuse his failure to bring certain claims during those proceedings or allow him to bring those claims in a § 2241 proceeding. Accordingly, this sufficiency of the evidence claim must be dismissed.

### III. Conclusion

For the foregoing reasons, Mr. Patel's petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017). Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 11/2/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com